# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation of Supervised Release**) |
| v. | Case Number: 93-cr-00322-LTB-01 |
| GLEN EARL COTONUTS | USM Number: 21528-013 |
| | Janine Yunker, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1, 2 and 3, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Use of Alcohol | 11/10/07 |
| 2 | Use of Alcohol | 01/02/08 |
| 3 | Violation of the Law (Driving After Revocation Prohibited and Driving Under the Influence) | 11/10/07 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

May 21, 2009
Date of Imposition of Judgment

*(signature)*
Signature of Judge

Lewis T. Babcock, U.S. Senior District Judge
Name & Title of Judge

5/21/09
Date

DEFENDANT: GLEN EARL COTONUTS
CASE NUMBER: 93-cr-00322-LTB-01  Judgment-Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served.

The court recommends that the Bureau of Prisons credit defendant with ninety-one (91) days spent in official detention prior to sentencing.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

    Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: GLEN EARL COTONUTS
CASE NUMBER: 93-cr-00322-LTB-01                                                     Judgment-Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of fifty-six (56) months.

The defendant must report to the probation office in the district to which he is released within seventy-two hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within fifteen days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT: GLEN EARL COTONUTS
CASE NUMBER: 93-cr-00322-LTB-01
Judgment-Page 4 of 5

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.
2) The defendant shall participate in a program of testing and/or treatment for drug and alcohol abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.
3) The defendant shall reside in a community corrections center for a period of twelve (12) months, to commence immediately upon bed space availability at Hilltop House, Durango, Colorado, and shall observe the rules of that facility.
4) The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer. The defendant will be required to pay the cost of these evaluations and treatment. The defendant shall comply with the rules and restrictions specified by the treatment agency. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.
5) The defendant shall have no contact with his victim(s), including correspondence, telephone contact, or communication through third parties except under circumstances approved in advance and in writing by the supervising officer in consultation with the community supervision team. The defendant shall not enter onto the premises, travel past, or loiter near the victim's residence, place of employment, or other places frequented by the victim;
6) The defendant shall have no contact, nor reside with children under the age of 18, including his own children, unless approved in advance and in writing by the supervising officer in consultation with the community supervision team. The defendant must report all incidental contact with children to the treatment provider and the supervising officer, as required by the team;
7) The defendant who has perpetrated against a child shall not date or befriend anyone who has children under the age of 18, unless approved in advance and in writing by the supervising officer in consultation with the community supervision team;

8) The defendant shall not access or loiter near school yards, parks, arcades, playgrounds, amusement parks, or other places used primarily by children, unless approved in advance and in writing by the supervising officer in consultation with the community supervision team;

9) The defendant shall not be employed in or participate in any volunteer activity that involves contact with children, except under circumstances approved in advance and in writing by the supervising officer in consultation with the community supervision team;

10) The defendant shall not possess any pornographic, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not utilize any sex-related telephone numbers. The community supervision team may grant permission for the use of sexually oriented material for treatment purposes;

11) The defendant shall not consume or possess alcohol;

12) The residence and living situation of the defendant must be approved in advance by the supervising officer in consultation with the community supervision team. In determining whether to approve the residence, the supervising officer will consider the level of communication the officer has with others living in the residence, and the extent to which the defendant has informed household members of his conviction and conditions of probation/parole/community corrections, and the extent to which others living in the residence are supportive of the case management plan;

13) The defendant will be required to undergo blood, saliva, and DNA testing as required by statute;

14) Other special conditions that restrict the defendant from high-risk situations and limit access to potential victims may be approved by the court in consultation with the supervising officer and the community supervision team, with notice to defendant and counsel;

15) The defendant shall sign information releases to allow all professionals involved in assessment, treatment, and behavioral monitoring and compliance of the defendant to communicate and share documentation with each other;

16) The defendant shall not hitchhike or pick up hitchhikers; and

17) The defendant shall attend and actively participate in evaluation and treatment approved by the supervising officer and shall not change treatment providers without prior approval of the supervising officer. Termination from treatment shall not necessarily constitute a violation of supervised release if said termination did not involve violation of explicit conditions of supervision. Failure of a polygraph and/or plethysmograph is not grounds for revocation.

All conditions previously imposed on December 6, 1993, shall remain in full force and effect, including the defendant's payment of any outstanding restitution.